[Civ. No. 6820. First Appellate District, Division Two.—May 31, 1929.]

MINNIE DAVIS, Respondent, v. HELEN RENTON, Appellant.

J. Hampton Hoge for Appellant.

Ford, Johnson & Bourquin, Ford & Johnson and Jesse E. Nichols for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a judgment for damages

arising out of a collision with an automobile. The defendant answered and a trial was had in the trial court before the court sitting with a jury. The jury returned a verdict in favor of the plaintiff for the sum of five thousand dollars; the defendant made a motion for a new trial; the motion was denied and she has appealed from the judgment based on the verdict under section 953a of the Code of Civil Procedure.

The accident occurred in Oakland on the twenty-ninth day of September, 1927. The plaintiff was in the act of walking from the southwest corner of Fifty-first Street and Telegraph Avenue easterly across Telegraph Avenue. The defendant approached from Berkeley driving south on the west side of Telegraph Avenue. The collision occurred near the westerly rail of the double street railroad track. Just before she left the curb the plaintiff looked north on Telegraph Avenue for approaching traffic. She saw two cars and she waited until they passed. She testified that she then stepped into the street and when she was midway between the curb and the rail she looked again and saw two automobiles approaching from the north. She estimated the distance at 150 feet. She continued forward to the rail and at that time looked again and saw the defendant's car about fifteen feet to the plaintiff's left. She saw the car swerve as though it were going to pass behind her and she was then in the act of advancing when she was hit. Neither on direct examination nor cross-examination did she claim to have looked north from the time she stood on the sidewalk until the accident happened. The defendant calls this evidence to our attention and asserts that the plaintiff was guilty of contributory negligence. In this behalf she argues that it was the duty of the plaintiff to be continually looking in the direction from which traffic might be approaching. The plaintiff was bound to exercise ordinary care. Ordinary care has reference to time, place and circumstances. There is nothing in the record before us showing that this plaintiff should, at the time and place of this particular accident, have been looking continually to the north as she entered Telegraph Avenue.

The defendant makes the further contention that the verdict of the jury fixing the damages in the sum of five thousand dollars was excessive. If a jury is corrupt its

verdict may be attacked before the trial court by a motion for a new trial. That attack is provided for by the statute. (Code Civ. Proc., sec. 657, subd. 1.) If the jury acts through passion, or prejudice, its verdict may be attacked at the same time in the same manner. (Code Civ. Proc., sec. 657, subd. 5.) The ruling of the trial court on those questions, like the ruling of the trial court on any other question of fact, may not be disturbed by an appellate court if there is any substantial evidence to support the ruling of the trial court; or as it has been expressed, unless "the facts are such as to suggest, at first blush, passion, prejudice, or corruption on the part of the jury." (*Morris* v. *Standard Oil Co.*, 188 Cal. 468, 473 [205 Pac. 1073, 1075].)

Before we can say what appears at first blush in the instant case the facts must be stated. As it is possible that the jury believed one witness and did not believe another, it is necessary to state the facts as claimed by the plaintiff. The facts testified to by her and some of her witnesses were as follows: When she collided with the defendant's automobile the plaintiff fell and in falling struck the left side of her head and face with such force as to cause a lump on the left side of her forehead. She scratched her nose on the outside and furthermore her nose bled from the inside at the time of the accident, some during that evening and some the next morning. She suffered a concussion of the brain which caused a momentary unconsciousness. The plaintiff has suffered from dizziness and loss of memory. The dizziness has recurred from time to time since the accident. It was not so pronounced at the date of the trial, about seven months after the date of the accident. The record discloses some loss of memory, but that element of plaintiff's claim is very slightly developed. The plaintiff suffered a fracture of the outer joint of the left thumb. The fracture responded to treatment, but as the fracture extended into the joint there is a loss of motion of about fifty per cent. There was testimony to the effect that the injury to the thumb might become permanent and might become more fixed. As the plaintiff fell to the street she hit on her left side. The skin was not broken, but she suffered external bruises on her shoulder, arm, hip, thigh, knee and below the knee. The bruises on the knee were somewhat extensive. In falling there was such a wrenching of the left leg that

some of the ligaments were strained and some of the blood vessels fractured. The plaintiff was taken at once to the Emergency Hospital. There her thumb was set and bandaged and some of the bruises on the left leg were bandaged. Later in the day she was taken home and the next day her physican called. On another day he called again. In four or five days the plaintiff left her home and called at her physician's office. On another day she called again. In about three weeks the bandages about the thumb were removed. The dizziness above mentioned was quite continuous for about three months. Since that time occasionally it returns when the plaintiff gets up and causes her to stand still for a short time until it passes away. At first the injury to the thumb was very painful. At the time of the trial the thumb did not pain the plaintiff, but the plaintiff could not do the things that she could do before. In this regard she said that she could not wash and wring out clothes. The evidence developed in the trial court did not disclose that the plaintiff makes her living by washing, or that she is a housewife and does the family washing. The plaintiff's evidence did not disclose that the dizziness mentioned was the result of the concussion above mentioned, but the evidence of the defendant was directly to the point that it was not. Under all of these circumstances we have no hesitancy in saying that the verdict suggests ''at first blush passion, prejudice or corruption on the part of the jury.''

There is no necessity for again trying any of the issues except the issue of damages. The evidence does not indicate any necessity for further investigation of the other issues in the court below.

The judgment is reversed and the cause is remanded to the lower court for a new trial solely upon the issue of the amount of the damages, with directions to that court, upon the settlement of that issue, to render judgment in favor of the plaintiff for the amount so found. The defendant will recover her costs on this appeal.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1929, and a peti-

tion by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1929.

All the Justices present concurred.