[Civ. No. 1571.   Fourth Appellate District.—November 4, 1935.]

In the Matter of the Contest of Election of LLOYD CLAIRE as Councilman of the City of Newport Beach.   WILLIAM M. HAUN, Appellant, v. LLOYD CLAIRE, Respondent.

Edgar L. Martin for Appellant.

Forgy, Reinhaus & Forgy and R. M. Crookshank for Respondent.

MARKS, J.—At a municipal election held in the city of Newport Beach, in Orange County, on the ninth day of April, 1934, Lloyd Claire was elected a councilman of that city. William M. Haun received the next highest number of votes. Mr. Haun brought this proceeding under the provisions of section 1111 of the Code of Civil Procedure to contest the election of Mr. Claire for alleged violation of provisions of subdivision three of section 54 of the Penal Code.

Section 54 of the Penal Code contains the following: "Every person who, with intent to promote the election of himself or any other person, either— . . . 3. Furnishes or engages to pay or deliver any money or property for the purpose of procuring the attendance of voters at the polls, or for the purpose of compensating any person for procuring attendance of voters at the polls, except for the conveyance of voters who are sick or infirm; . . . —is guilty of a misdemeanor."

The particular violation alleged in the complaint is that Claire hired "automobiles and the drivers thereof to take voters to the polls at said election who were neither sick nor infirm" for the purpose of promoting his election to the office for which he was a candidate. It is particularly alleged that he paid Malcom D. Robertson $3.50, Charles W. Fowler $5, and John D. Willey $4.

At the close of contestant's case a motion for nonsuit was made and granted. A judgment of dismissal was entered which carried costs in the sum of $44.30.

Contestant presents the following grounds for a reversal of the judgment: (1) that under the provisions of section 1122 of the Code of Civil Procedure a judgment of nonsuit is improper in the contest of an election; (2) that the evidence produced made out a *prima facie* case against Claire and that it was error to grant the motion for nonsuit; (3) errors of the trial court in ruling on objections to questions propounded to witnesses.

█ Section 1122 of the Code of Civil Procedure provides as follows: "The court must be governed, in the trial and determination of such contested election, by the rules of law and evidence governing the determination of questions of law and fact, so far as the same may be applicable; and may dismiss the proceedings if the statement of the cause or causes of the contest is insufficient, or for want of prosecution. After hearing the proofs and allegations of parties, the court must pronounce judgment in the premises, either confirming or annulling and setting aside such election."

In the case of *Bernardo* v. *Rue,* 26 Cal. App. 108, at page 115 [146 Pac. 79, 81], the court states that "whether or not a motion for nonsuit is the proper proceeding in an election contest may be open to question". In the case of *Langley* v. *Head,* 142 Cal. 368 [75 Pac. 1088, 1090], a motion for nonsuit was made and granted and judgment of dismissal entered. In commenting upon this procedure the Supreme Court said: "Upon the showing made in the trial court the contestee was entitled to a judgment confirming his election. (Code Civ. Proc., sec. 1122.) Such is the practical effect in this case of the judgment of dismissal. The judgment is affirmed." We are of the opinion that this holding should be conclusive here.

█ We have studied the record and have reached the conclusion that under the quoted language of section 54 of the Penal Code and the allegations of the complaint the evidence failed to make out a *prima facie* case against Claire. Robertson, Fowler and Willey were called as witnesses for the contestant and testified. Robertson testified that he transported no voters to the polls and that Claire paid him nothing for any such work. Fowler testified he was engaged by another, not by Claire, to take voters to the polls, and there is no evidence that Claire paid him anything. Willey testified that he drove an automobile and transported voters to the

polls. He was not engaged by Claire nor was he instructed by him as to his duties, but by another who was not shown to have been acting for Claire or to have had any connection with him or interest in his candidacy. After the election Claire paid Willey four dollars. No one promised or agreed to pay Willey any compensation for his work on election day and nothing was said to him on that subject at any time by Claire. Willey testified as follows: "Q. What car were you assigned to drive? A. Why, Mr. Gant's of Newport. Q. You say Mr. Reinhart assigned you to drive this car? A. Yes, sir. Q. Where was that car? A. At the city hall. Q. And he told you to get in that car and drive that car? A. Yes, sir. Q. Did he tell you what voters to take to the polls? A. No, sir. Q. How did you find out what voters to take to the polls? A. Well, just merely driving around and picking them up. Q. In other words, did he give you a list of voters you were to take to the polls? A. No, sir. Q. In other words, you simply drove around there and any voters you thought wanted to go to the polls you simply offered to take them? A. Yes, sir. Q. Did you ask the voters any questions as to who they were for or anything? A. No, sir."

If we assume that Claire paid Willey the four dollars for transporting voters to the polls on election day we cannot see how that bare fact brings the case within the provisions of section 54 of the Penal Code. All Willey did was to transport all the voters to the polls whom he saw and who wanted to vote. He was not working in behalf of any candidate or political faction. He may have transported more voters who cast their ballots for Haun than for Claire. The evidence shows that he was engaged in the praiseworthy work of "getting out the vote". If Claire paid him for this, we cannot see how it could be said that the payment, made by Claire after the election, was made "with intent to promote the election of himself or any other person". (Sec. 54, Pen. Code.)

The record shows that the trial judge was unduly technical in ruling on objections made by counsel for respondent to questions propounded to witnesses by counsel for contestant, and in granting motions to strike made by counsel for respondent, and thereby committed errors. He struck out the testimony of Willey that Claire paid him four dollars after the election. We have treated the case as though this answer remained in the record and from what we have already said

it is apparent that we can find no reversible error in the ruling. He also struck out an answer by Fowler that Claire had paid him nothing for hauling voters to the polls. Of course, as Claire had paid Fowler nothing for transportation of voters to the polls the ruling could not have prejudiced the contestant. Claire was called by contestant as a witness for cross-examination under the provisions of section 2055 of the Code of Civil Procedure. We are of the opinion that the trial judge unduly limited this cross-examination. Counsel for contestant made no proffer of proof and did not inform the trial judge, and has not informed us, what he expected to prove by this witness. We cannot presume prejudice in an error of this kind.

Where one party is successful in a proceeding of this kind he is entitled to recover his costs against the other. (Sec. 1125, Code Civ. Proc.)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.