[Civ. No. 2686.   Fourth Dist.   Jan. 22, 1942.]

In re RICHARD H. BEWICK et al., in Arbitration. RICH-ARD H. BEWICK et al., Appellants, v. PEARL MAR-GARET MECHAM, as Executrix, etc., Respondent.

Harvey, Johnston & Baker for Appellants.

Claflin, Dorsey & Campbell for Respondent.

MARKS, J.—This is an appeal from a judgment setting aside and vacating an award of arbitrators.

J. J. Lopez and Mary W. Lopez owned property in the city of Bakersfield. By an instrument in writing, dated May 22, 1929, they leased this property to S. S. Lombard for a period of ten years commencing on July 1, 1929, and ending June 30, 1939.

Mrs. Lopez died and her interest in the leased property passed to her husband. J. J. Lopez died on July 21, 1939, and Pearl Margaret Mecham was appointed executrix of his estate.

With the written consent of the lessors the interest of Lombard passed to Richard H. Bewick who assumed and agreed to perform the obligations of the lease. Tricy Bewick is the wife of Richard H. Bewick.

The lease contained the following provisions:

''And the lessee is granted the further option to purchase as follows:

'' (a) Upon the expiration of the ten year term hereof at a price and terms then to be agreed on between the parties hereto, and if not agreed on then to be fixed by arbitration, each of the parties hereto selecting one arbitrator, and the two selected a third, which said arbitrators shall fix such purchase 'price and the terms under which the purchase may be made, but with the proviso that on the matter of terms at lease [sic] one-half of such purchase price shall be payable in cash, and the remaining half to be evidenced by promissory note secured by deed of trust, and to draw not less than the legal rate of interest.

''To exercise this option the lessee must, not later than thirty days prior to the expiration of the term of the lease, give written notice to the lessors of his desire to exercise same, and accompany such notice with a deposit of not less than One Thousand Dollars ($1,000.00) to be applied upon account of such purchase, and to be forfeited to the lessors in event the lessee fails to complete his purchase.''

Under date of May 12, 1939, Mr. and Mrs. Bewick attempted to exercise the option of purchase. They mailed their check for $1,000 to Lopez with a letter informing him that they desired to purchase the property, which letter concluded as follows:

''Will you please, according to the terms of said lease, meet with the undersigned at your earliest convenience for the purpose of determining the price so that if and in the event a price cannot be determined the same may be fixed by arbitration as provided in said lease.''

By a letter dated May 23, 1939, informing Mr. and Mrs. Bewick that he was not in a position to comply with their letter of May 12th, Lopez returned the money to them. They refused to accept the return of the money and about May 24, 1939, Lopez deposited it to their credit in the Anglo-California National Bank, Bakersfield Branch, and enclosed a duplicate deposit slip in a letter informing them of that

fact. On May 26, 1939, the deposit was changed to a savings account.

As Lopez was dead at the time of the hearing in the court below the story of what transpired between the parties is confined to the testimony of Mr. Bewick and other witnesses and certain documentary evidence.

Bewick testified that Lopez saw him and told him he wanted $10,000 for the property; that he (Bewick) had it appraised and wanted it for $6,000; that the two talked of the arbitration; that Lopez said he would appoint Alphonse Weill as his arbitrator; that Bewick appointed E. H. Clare as his arbitrator; that these two finally selected Howard J. Nichols as the third arbitrator; that Lopez thought when Nichols was mentioned as the third arbitrator he would be a good man. There is some evidence corroborating this testimony and also showing that Weill and Clare viewed the property, probably in June, 1939.

On December 20, 1939, Mr. and Mrs. Bewick filed their petition for an order confirming the award of the arbitrators. The arbitrators' decision and award is attached to this petition. From this document and the exhibits attached to it we gather the following:

That under date of September 28, 1939, Alphonse Weill and E. H. Clare in writing selected Howard J. Nichols as the third arbitrator and that Nichols accepted the appointment in writing on October 4, 1939; that each of the three took an oath on November 2, 1939, that he would "faithfully and fairly hear any and all evidence presented . . . and examine the matter in controversy upon the questions to be arbitrated and make a just award according to the best of his understanding." On the same day Geraldine Hall took an oath of office as reporter of the hearing to be held.

Under date of October 21, 1939, the three arbitrators signed a notice directed to Pearl Margaret Mecham as executrix, to her attorneys, and to Richard H. and Tricy Bewick and their attorneys informing them that at ten o'clock a. m. on November 2, 1939, in the office of the attorneys for Mr. and Mrs. Bewick they would hold a hearing and take evidence on the question to be arbitrated. The attorneys for Mr. and Mrs. Bewick admitted service on October 25, 1939. There are affidavits showing service on the executrix on October 26, 1939, and on her attorneys on the previous day.

The decision and award of the arbitrators was signed by the three of them on November 3, 1939. It recites the facts already outlined; that the hearing was held at the time and place noticed; that Mr. and Mrs. Bewick appeared by their attorneys; that no one appeared on behalf of the executrix; that evidence was taken and an award made; that the price to be paid for the property was fixed at $7,800, one-half to be paid in cash and the balance in three years in instalments of $100 per month plus interest at seven per cent per annum, the last instalment to include the balance due. Deferred payments were to be secured by a deed of trust on the property.

There was no written appointment of Weill by Lopez or any other person.

The executrix filed a written answer and objections to confirmation of the award and a motion to vacate the award. Among the many grounds stated there is only one we need notice, which is this: That Weill was never appointed arbitrator by Lopez or the executrix so that consequently no arbitration was had and no award made. The trial judge granted the motion on this and all other grounds and entered a judgment vacating and setting aside the award and denying the petition to confirm it.

The important question for consideration is whether the implied finding that Weill was not appointed arbitrator is sustained by the evidence. It is clear that if he was not so appointed there was only one arbitrator. Consequently there could be no arbitration and no award made that could be confirmed. The attempted selection of Nichols as the third arbitrator depended on Weill's authority, for certainly Clare could not act alone in that matter.

The executrix produced and relied upon the affidavit of Weill, which is as follows:

"ALPHONSE WEILL, being first duly sworn, deposes and says: I knew J. J. Lopez in his lifetime. Said J. J. Lopez did not appoint me as an arbitrator, so-called, or as his agent or representative concerning any matter involving the property at the Northwest corner of Chester and California Avenues, Bakersfield, as between him and any other person whomsoever, nor any other property or matter whatsoever, nor did I ever have any conversation with said J. J. Lopez in which the matter of my acting as arbitrator as between him and any other person, or his agent or represen-

tative, or that I would perform any act whatever concerning said matter or in any matter, was ever mentioned, nor did I in any conversation with said J. J. Lopez state in substance or otherwise that I would act as arbitrator or agent or representative, or perform any act whatever in the matter hereinbefore mentioned, or any matter whatever.

"That I met E. H. Clare and Howard Nichols at a so-called arbitration meeting on November 2nd, 1939, solely upon the statement of others, but not of J. J. Lopez, that I had been so appointed.

"That I make this statement to the Court that the Court may fully understand my position in the matter, and that my purporting to act as arbitrator was solely upon the statement of others, but not J. J. Lopez, that I was appointed and that my appointment was legal."

This affidavit in itself is sufficient to sustain the implied finding of the trial court that Weill was never appointed arbitrator. Of course there are rather strong inferences to the contrary that might be drawn from other evidence and from the fact that Weill actually attempted to act as arbitrator in the matter. These inferences merely created a conflict in the evidence which the trial court resolved against Mr. and Mrs. Bewick. That ruling is conclusive here.

Mr. Weill was in court and was called to the stand for the purpose of cross-examination on the matters set forth in his affidavit: Counsel for the executrix objected to this cross-examination. This objection was sustained, the trial court holding that if Mr. and Mrs. Bewick wished to interrogate Weill, they must call him as their witness. This ruling is assigned as error.

Weill was called as a witness for Mr. and Mrs. Bewick, but their counsel discontinued his examination before anything material to the question of his appointment as arbitrator had been developed. Further, counsel made no offer of what he expected to prove by this witness either by cross or direct examination.

In *Murnane* v. *Le Mesnager*, 207 Cal. 485 [279 Pac. 800], the Supreme Court said: "We find no prejudicial error in the refusal of the trial court to permit the cross-examination in court by appellants of the witness Haas, who had previously testified by deposition. The court permitted the

appellants to call Haas as their own witness, and that was done."

In *Marshall* v. *Hancock,* 80 Cal. 82 [22 Pac. 61], this rule is announced: "Where the question itself does not indicate whether the answer to it will be material evidence or not, the party seeking to introduce the evidence must, in order to present the question to this court, make an offer of what he proposes to prove, so that the court below and this court can determine whether the proposed proof is material or not. There is nothing in the record to show what the proposed testimony was. The question indicated nothing of the kind. The witness is asked for a conversation between White and himself. The conversation, if there was one, may have been about a matter entirely aside from the matter under investigation. Therefore, the record fails to show any error in this ruling." The same rule applies to cross-examination of a witness. In *In re Claire,* 9 Cal. App. (2d) 749 [50 Pac. (2d) 1070], it is said: "We are of the opinion that the trial judge unduly limited this cross-examination. Counsel for contestant made no proffer of proof and did not inform the trial judge, and has not informed us, what he expected to prove by this witness. We cannot presume prejudice in an error of this kind."

There is nothing in the record to show prejudice in the challenged ruling of the trial court. That ruling, assuming it was erroneous, can furnish no ground for a reversal of the judgment because prejudice must be shown and cannot be assumed.

It should be appropriate to observe that the affirmance of the judgment on the ground that there has been no arbitration and that there is no report and award of the arbitrators to be confirmed may not preclude Mr. and Mrs. Bewick from finding a remedy, if they have one, under the provisions of sections 1280, *et seq.,* of the Code of Civil Procedure.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.