[L. A. No. 21805. In Bank. July 3, 1951.]

MAX TOSSMAN, Appellant, v. ALFRED NEWMAN,
Respondent.

Alvin G. Greenwald and Leonard G. Ratner for Appellant.

Roger E. Kelly, Bauder, Gilbert, Thompson, Kelly & Veatch for Respondent.

GIBSON, C. J.—Plaintiff appeals from a judgment for defendant in an action for personal injuries resulting from a collision between plaintiff's motorcycle and defendant's automobile. He contends that the evidence does not support the verdict and that the court erred in giving instructions and in limiting the scope of cross-examination.

The collision occurred May 3, 1948, during daylight in clear weather on Sunset Boulevard, which, at that point, is an east-west, two-lane open highway in Los Angeles County and is intersected from the south by a private road which leads to a number of homes located in a small valley nearby. Plaintiff, with a companion seated behind him on his motorcycle, was traveling east on Sunset at a speed of at least 35 miles per hour. Defendant was driving his automobile west on the same highway, and as he approached the point where

the private road entered the highway, he decreased his speed from about 30 to about 2 miles per hour. He then signaled for a left turn, looked in both directions without seeing plaintiff, and commenced to turn left into the private road. Although plaintiff had an unobstructed view of the roadway for a distance of 300 feet before the point of impact he testified that he did not see defendant's car until it had begun its left turn and that he was then only about 35 feet away from it. Plaintiff increased his speed, swerved to the right and attempted to pass in front of defendant's car. The motorcycle collided with the left front fender of the car, and plaintiff suffered a broken leg and bruises about the head and shoulders.

The evidence is sufficient to support the verdict since the jury could have found either that defendant was not negligent or that plaintiff was guilty of contributory negligence which was the proximate cause of the accident.

Plaintiff claims that the court erred in refusing to give an instruction requested by him as follows: "Section 540 of the Vehicle Code provides: 'The driver of a vehicle intending to turn left at an intersection shall approach in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection, the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered unless otherwise directed by markers, buttons, or signs.'" The purported quotation, while not entirely accurate, substantially sets forth subdivision (b) of section 540 as it then read. It is true that there was evidence which, taken most favorably to plaintiff, tends to show that defendant commenced to make his turn before starting to cross the near boundary of the intersection. There was no error, however, in refusing to give the requested instruction because it incorrectly informed the jury that section 540 was controlling, whereas that section applies only to the intersection of public highways and not to the intersection of a private road and a public highway. (Veh. Code §§ 540, 86, 81.)

Plaintiff also requested an instruction which told the jury that if defendant, intending to turn left at the intersection, failed to approach in the portion of the right half of the roadway nearest the center line, the jury "must find" him "negligent as a matter of law." By this request plaintiff in effect sought to have the court apply the substance of section 540(b), which, as we have seen, is applicable only to a public intersection. Even if we assume that the court

should apply the same traffic rules to private intersections as are made applicable by statute to public intersections, a driver's failure to follow those rules at a private intersection should not subject him to greater consequences than would result from his violation of the statute at a public intersection. It is settled that disobedience of a statute for which criminal sanctions are imposed is not negligence as a matter of law under all circumstances, but a presumption of negligence arises on proof of such a violation, and the presumption can be rebutted by evidence of justification or excuse. (See *Ornales* v. *Wigger,* 35 Cal.2d 474, 477 et seq. [218 P.2d 531]; *Satterlee* v. *Orange Glenn School Dist.,* 29 Cal. 2d 581, 588 et seq. [177 P.2d 279].) ▌ The instruction requested by plaintiff was not so limited, and the court was under no duty to revise it to make it state the law correctly. (*Estate of Dopkins,* 34 Cal.2d 568, 575 [212 P.2d 886]; *Nelson* v. *Southern Pac. Co.,* 8 Cal.2d 648, 653 [67 P.2d 682]; *Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal.2d 1, 15 [47 P.2d 462]; *Hart* v. *Farris,* 218 Cal. 69, 75 [21 P.2d 432].)

▌ It is also contended that the court erred in refusing to give certain instructions on the duty of a driver to yield the right of way. The requested material, however, was substantially covered by other instructions given by the court. The jury was told that section 544 of the Vehicle Code provides that a driver should not turn from a direct course "unless and until such movement can be made with reasonable safety," and the court explained that under this section the driver must use such precaution as would satisfy a reasonably prudent person, acting under similar circumstances, that the turn can be safely made. Although the court did not phrase its instruction in terms of yielding the right of way, it covered the rule set forth by section 544, and, in our opinion, sufficiently informed the jury of defendant's statutory obligation with respect to any approaching vehicle.

▌ The next contention is that plaintiff's right to cross-examine defendant was improperly limited by the trial court. Defendant asserts that plaintiff cannot properly complain of the rulings at this time because he failed to make an offer of proof. Questions on cross-examination, however, are largely exploratory, and it is unreasonable to require an offer of proof since counsel often cannot know what pertinent facts may be elicited. (Cf. *Lawless* v. *Callaway,* 24 Cal.2d 81, 91 [147 P.2d 604].) Hence no offer of proof is necessary in order to obtain a review of rulings on cross-examina-

tion. (See *Alford* v. *United States,* 282 U.S. 687, 692 [51 S.Ct. 218-219, 75 L.Ed. 624] ; *Powhatan Mining Co.* v. *Ickes,* 118 F.2d 105, 110.) Any intimation to the contrary in *Heinz* v. *Heinz,* 73 Cal.App.2d 61, 66 [165 P.2d 967], and *In re Bewick,* 49 Cal.App.2d 287, 291-292 [121 P.2d 815], is disapproved.

 Plaintiff argues, with regard to the ruling on cross-examination, that the trial court committed prejudicial error in sustaining an objection to a question which he asserts was designed to fix the time that defendant looked for approaching vehicles in relation to the time he made his left turn. The question was: "And was it after you had looked or during the time that you were looking that you made, started to execute your turn?" The substance of the question, however, was covered by previous testimony on cross-examination. Immediately before the question was asked, defendant testified that he looked westerly on Sunset either when he came to practically a complete stop or just afterward when he first crossed the center line, which, of course, was prior to entering the lane in which plaintiff was approaching. This testimony was in response to a question concerning two points which defendant had marked on a map to show where he stopped and where he started to cross the center line. The points indicated about where defendant began to turn, and defendant thus testified in effect that he looked at approximately the time and place that he commenced his turn. We cannot say that the trial court abused its discretion by refusing to permit plaintiff to ask a question which had been substantially covered by a previous question in cross-examination.

 There is no merit to plaintiff's claim that the judgment should be reversed because of a remark made by the trial court in sustaining an objection in the course of cross-examination. The court told plaintiff's counsel, in substance, that there was nothing on which to cross-examine. Plaintiff did not object to the comment, and since it is clear that any improper implication could have been cured by an appropriate instruction, the point cannot be raised for the first time on appeal. (*Lund* v. *Pacific Electric Ry. Co.,* 25 Cal.2d 287, 299 [153 P.2d 705] ; *Hughes* v. *Hartman,* 206 Cal. 199, 205-206 [273 P. 560].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.