[Civ. No. 20861.   Second Dist., Div. One.   Aug. 22, 1955.]

LEON SILVERBERG, Appellant, v. PAUL I.
TERASAKI et al., Respondents.

Clarke & Gleis and Stanley N. Gleis for Appellant.

Betts, Ely & Loomis and Ingall W. Bull, Jr., for Respondents.

DORAN, J.—This is an appeal from the judgment following the jury verdict for defendant.

Appellant was driving a small Anglia automobile east on Sunset Boulevard in Los Angeles in the lane next to the center line.   Respondent was driving west in the lane next to the curb.   As recited in appellant's brief, "The traffic signals at the intersection of Sunset Boulevard and Vine Street changed to 'Stop' for eastbound traffic as appellant approached said intersection.   Appellant stopped his automobile with the front end of said automobile just west of the westerly line of the westerly crosswalk at said intersection.   When the traffic signals changed to 'Go' for the east and westbound traffic, Appellant gave the proper signal with the mechanical signal on his said automobile and also with his arm for a left turn to go north on Vine Street.   Appellant proceeded in an easterly direction into the intersection and stopped to yield to the westbound traffic.   The westbound automobile in the lane next to and north of the center line of Sunset

Boulevard signalled and turned left to go south on Vine Street. The westbound automobile in the second lane north of the center line of Sunset Boulevard stopped and yielded the right of way to Appellant and the driver motioned with his arm for Appellant to continue his turn in front of him. Appellant proceeded in his turn and when Appellant was about entering the most northerly lane or curb lane of travel on Sunset Boulevard for westbound traffic, he observed the automobile of Shuhei Terasaki, Respondent, which was being driven by Paul I. Terasaki, Respondent, with the consent of Shuhei Terasaki, Respondent. At the time Appellant first observed Respondent's automobile, it was being driven in a westerly direction in the lane next to the north curb of Sunset Boulevard and was east of the easterly crosswalk line of Vine Street and was passing to the right of the automobiles that had yielded to the Appellant.

"Appellant proceeded out of the intersection by accelerating and endeavoring to get out of the path of the oncoming automobile of Respondent's. As Appellant's automobile was leaving the intersection, Respondent's automobile forcibly struck the right rear one-half of the Appellant's automobile." It appears from the record that it was raining or had been raining and the street was wet. Again, quoting from appellant's brief, "Respondent testified that he first applied his brakes after he saw Appellant's car, but that his car did not stop but skidded on the wet pavement and struck the middle and rear portions of appellant's car at the time when Appellant's car was about six (6) to eight (8) feet south of the north boundary of the intersection, and Appellant's car was then about twenty-five (25) feet west of the east boundary of the intersection."

It is contended on appeal that, "The evidence is insufficient to justify the judgment and the judgment is contrary to law." It is argued by appellant that, "Respondent's own testimony clearly shows he was negligent"; that "There is no substantial evidence to support a finding that appellant was guilty of contributory negligence"; that "Appellant had a legal right to proceed with his left turn, and respondent had the legal duty to avoid the collision"; that "Appellant had the right to assume that respondent would obey the law and particularly would obey the mandate of vehicle code, section 529(b)"; and that "It was prejudicial error for the court to give an instruction on unavoidable accident."

The record presents a typical case of an automobile

accident. The decisions relating to such actions are legion and citations as to the issues raised are unnecessary. A review of the record presents no prejudicial errors. The jury was fully and properly instructed. The issue of whose conduct was the proximate cause of the accident was purely one of fact and for the jury's determination. That the evidence supports the verdict and judgment there is no question.

In the circumstances the giving of the instruction on unavoidable accident was not error. The instruction read as follows:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it."

The instruction is not complicated and it must be assumed that it was understood by the jury. The issue as to negligence applied to both parties and from a review of the record it does not appear that any prejudice could have resulted from such instruction.

The judgment is affirmed.

Drapeau, J., concurred.

WHITE, P. J., Concurring.—Assuming, as contended by appellant, that there is practically no conflict in the testimony of the witnesses as to the facts leading up to the accident, then, of course, inferences to be drawn therefrom would be resorted to. Conceding that different inferences might be drawn from the undisputed evidence, those adopted by the duly constituted arbiter of the facts must be accepted by a reviewing court unless it can reasonably be said that the inferences so drawn in the court below are inherently improbable. Negligence is a relative term, depending upon the surrounding facts and circumstances. It is primarily a question of fact for the jury (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123].) While all the evidence must be examined by the appellate court, it is not weighed. We cannot retry the cause. All the evidence most favorable to the respondent must be accepted as true and that unfavorable be discarded as not having sufficient virtue to be accepted by

the triers of fact. When so viewed, the evidence is sufficient as a matter of law, the judgment must be affirmed. For the rule governing the limitations of the court on appeal see *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].