[Civ. No. 20910.   Second Dist., Div. One.   Sept. 12, 1955.]

MORRIS MENDELSON, Appellant, v. MARCELLE O'DELLE PETON, Respondent.

Joseph T. Forno and Elmer Low for Appellant.

Cozy, Sexton & Willian and Raymond A. Cozy for Respondent.

DRAPEAU, J.—Plaintiff was struck by an automobile driven by defendant. The accident happened at the intersection of Sunset Boulevard and St. Andrews Place in Los Angeles. It was about 8 o'clock in the evening, and all the cars had their lights on. Traffic was heavy. The three lanes in the westbound roadway in which defendant was driving were filled with motor vehicles. She was in the center lane, a part of a fast-moving vehicular mass.

An eyewitness of the accident, a "Good Humor man" whose truck was parked on Sunset Boulevard, described the conditions at the time: ". . . traffic on Sunset Boulevard is always busy at that time of night. . . . Traffic comes in flowing. There may be an intermission of a couple of seconds while they stop the red light one way or another, and then they come again."

Suddenly plaintiff loomed up in a marked crosswalk in front of defendant's car. She applied her brakes, and came almost to a stop before her car hit him; but it was not enough, for "he went flying through the air." He had doctor and hospital bills; his injuries were painful but not permanent.

Plaintiff's action for damages caused by defendant's alleged negligence was tried by a jury, with a verdict for defendant.

The trial court denied plaintiff's motion for a new trial, and he appeals from the judgment.

Plaintiff urges as grounds of appeal that defendant was guilty of negligence as a matter of law; that the verdict finds no support in the evidence; that there was error in instructions given and refused by the trial court; that there was misconduct of counsel; and that the trial court should have reopened the case to read an oral stipulation that police officers whose names appear on the accident report were not available to testify.

Plaintiff urges in his brief: that defendant was negligent in failing to observe plaintiff until she was 50 feet away from him, in failing to avoid hitting plaintiff by swerving, in failing to observe that there was a marked crosswalk, or any crosswalk, in failing to observe whether pedestrians were using the crosswalk, a failure generally to keep her car under proper control, a failure generally to observe a proper look-

out, a failure to know where the plaintiff was in relation to the crosswalk when she saw him.

These were all contentions to be argued to the jury. In this court of review all that can be done is to ascertain if there is any substantial evidence that will support the verdict. ■ Turning to that consideration, it should first be said that the mere fact that a pedestrian is struck in a crosswalk by a motor vehicle does not establish negligence on the part of the driver of the vehicle as a matter of law. (*Jeffs* v. *LaGore*, 131 Cal.App.2d 181, 185 [280 P.2d 140].)

Negligence and contributory negligence were issues of fact in this case. The inference may be drawn from the evidence that plaintiff went out in the crosswalk in front of defendant's approaching automobile, without taking into consideration the hazard of the approaching heavy traffic.

■■ It was said by Mr. Justice Carter, speaking for our Supreme Court in the recent case of *Hilyar* v. *Union Ice Co.*, 45 Cal.2d 31, at page 36 [286 P.2d 21]: "All persons are required to use ordinary care to prevent others being injured as the result of their conduct; . . . the care required must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated. . . ."

The same duty is required of pedestrians in traffic. ■ They must use ordinary care to prevent injury to themselves. ■ And the care required of them must be in proportion to the danger to be avoided and the consequences that might be reasonably anticipated. And that duty continues throughout their passage through a crosswalk. (*O'Brien* v. *Schellberg*, 59 Cal.App.2d 764, 768 [140 P.2d 159].) ■ Pedestrians must be alert to the fact that vehicular traffic approaching in multiple lanes, ebbing and flowing with signals, is always dangerous, and doubly so in the nighttime.

■ Therefore, in the circumstances in this case, the implied finding of contributory negligence by the jury finds evidentiary support, and it is not within the power of this court to set it aside. (*Shoemake* v. *Wilsey*, 43 Cal.2d 686, 688 [277 P.2d 17]; *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

■ Plaintiff complains of the giving of an instruction on inevitable accident. This had the attention of this court in the very recent case of *Silverberg* v. *Terasaki*, *ante*, p. 173 [286 P.2d 895]. For the reasons there stated it was not error to give the instruction.

Nor was it error for the trial court to refuse plaintiff's

proposed instruction relative to imminent peril, and to modify and give another one on the same subject.

No error appears in the giving or refusal of any of the instructions. Considered as a whole, they fully and fairly advised the jury as to the issues and the law.

█ Counsel should not have made the statement that he had personally measured a distance that was in dispute. But the trial judge immediately instructed the jury to disregard the statement. And it is to be presumed that the jury followed the instruction later given not to consider as evidence any statement of counsel made during the trial.

While it would have done no harm to have reopened the case to advise the jury of the whereabouts of absent witnesses, it was not prejudicial error for the court to refuse to do so.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.