[Civ. No. 17217. First Dist., Div. Two. Apr. 15, 1957.]

VINCENT FIGLIA, a Minor, etc., Appellant, v. HAZEL B. WISNER, Respondent.

Dante H. Giannini and Peter Anello for Appellant.

Ropers & Majeski for Respondent.

KAUFMAN, P. J.—Plaintiff, guardian *ad litem* appeals from a jury verdict in favor of the defendant in an action for personal injuries to plaintiff's minor son, Vincent Figlia.

The accident occurred at about 3:30 p. m. on November 6, 1953, at the intersection of First and Virginia Streets in the city of San Jose. First Street is a street 60 feet wide, running north and south with a parking lane on each side, and four lanes of traffic, two northbound and two southbound. Virginia Street is a street about 40 feet wide running east and west. At the time of the accident, there were no traffic signals in operation at the intersection, only two arterial stop signals. Before stepping off the southwest curb of the intersection, Vincent Figlia (hereinafter referred to as plaintiff), who was a minor of the age of 14 at the time of the accident, looked to his right (south) and to his left (north). At this time, he saw two southbound cars; one about half a block away in the outside lane; another (the defendant's) about one block away in the inside lane next to the center dividing double line. The defendant was driving south and was half way over the south line of the north pedestrian crosswalk when the plaintiff began to move off the curb. The plaintiff was moving in an easterly direction across First Street in

the south pedestrian crosswalk, walking at a fast pace, pushing his bicycle with one hand and carrying a package of coffee with the other. After he had crossed the west parking lane, he again looked north and observed that the southbound car in the outer lane had stopped in the intersection to let him cross; his view of the defendant's car was blocked by the stopped vehicle; he also looked south and noted that the northbound cars had stopped to let him cross.

Plaintiff testified that he knew of the car in the inside southbound lane, and realized that the driver of this car could not see him either. He continued in the crosswalk, looking straight ahead until he heard the defendant's brakes. As he turned around, he was hit. The defendant testified that she first saw the plaintiff as he began to move off the curb at which time she was about 18 feet away and traveling at a rate of 10 to 12 miles an hour. She did not blow her horn or give any warning, but testified that she applied her brakes as soon as she realized the plaintiff was not looking in her direction and succeeded in stopping her vehicle at the point of impact, which was judged to be 20 or 25 feet east of the curb. The plaintiff testified that he was wheeling his bicycle with his right hand and was struck by the defendant's car on the left and thrown about 8 feet. The defendant testified that only the front wheel of the bicycle was struck by her vehicle. One witness to the accident testified that the plaintiff was wheeling his bicycle with his left hand and that the defendant's car struck only the bicycle as a result of which the plaintiff was thrown about 8 feet.

The plaintiff contends that the judgment should be reversed as the defendant was negligent as a matter of law; that he himself was not negligent in failing to assume that the defendant would violate the law, and that even if he was negligent his negligence was not a bar to recovery as his negligence was not the proximate cause of the accident, and the defendant had the last chance to avoid the accident.

Plaintiff argues that the defendant was negligent as a matter of law as she violated Motor Vehicle Code, section 560, which is as follows: "(a) *Pedestrians' right of way.* The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this chapter. (b) *Overtaking vehicle stopped at crosswalk.* Whenever any vehicle has stopped at a marked crosswalk or at any unmarked crosswalk at an intersection

to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.'' ▮ The rule is that whether the violation of a statute proximately contributed to an accident and whether such violation was justifiable under the circumstances are questions of fact except in a case where reasonable men can draw but one inference from the facts. (*Satterlee* v. *Orange Glen School Dist.*, 29 Cal.2d 581 [177 P.2d 279]; *Finney* v. *Wierman,* 52 Cal.App.2d 282 [126 P.2d 143]; *Tossman* v. *Newman,* 37 Cal.2d 522 [233 P.2d 1]; *Ornales* v. *Wigger,* 35 Cal.2d 474 [218 P.2d 531].)

In *Gray* v. *Brinkeroff,* 41 Cal.2d 180 [258 P.2d 834], and *Lafrenz* v. *Stoddard,* 50 Cal.App.2d 1 [122 P.2d 374], relied upon by the plaintiff, the failure of the defendant to see the plaintiff could be attributed only to negligent inattention. On appeal, we must accept the evidence most favorable to the verdict of the jury, and we cannot say here that the evidence does not support their implied finding on either the defendant's exercise of due care, or the plaintiff's contributory negligence. ▮ The question of whether the plaintiff was guilty of contributory negligence was properly left to the jury. (*Lowell* v. *Harris,* 24 Cal.App.2d 70 [74 P.2d 551]; *Pinello* v. *Taylor,* 128 Cal.App. 508 [17 P.2d 1039]; *Gornstein* v. *Priver,* 64 Cal.App. 249 [221 P. 396].) Plaintiff relies on *Gray* v. *Brinkeroff, supra; Schulman* v. *Los Angeles Ry. Corp.,* 44 Cal.App.2d 122 [111 P.2d 924], and *Foerster* v. *Direito,* 75 Cal.App.2d 323 [170 P.2d 986], for the proposition that one who is exercising ordinary care may assume until and unless the contrary reasonably appears that another is exercising and will continue to exercise ordinary care and that he will obey the law. ▮ While a pedestrian is not required to keep looking right and left as he crosses the street (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 P. 649]; *Gett* v. *Pacific Gas & Elec. Co.,* 192 Cal. 621 [221 P. 376]; *Davis* v. *Renton,* 99 Cal.App. 264 [278 P. 442]; *Schulman* v. *Los Angeles Ry. Corp., supra*), it is the duty of a pedestrian to exercise reasonable care while crossing a street in a marked crosswalk and to continue to be alert and to safeguard against injury and such duty continues throughout his passage. (*Jeffs* v. *LaGore,* 131 Cal.App.2d 181 [280 P.2d 140]; *O'Brien* v. *Schellberg,* 59 Cal.App.2d 764 [140 P.2d 159].) In the instant case, the plaintiff knew of the defendant's vehicle and knew that he could not be seen by the driver of this vehicle, but be con-

tinued to cross the street, looking straight ahead. In *Callahan* v. *Gray,* 44 Cal.2d 107 [279 P.2d 963], the plaintiff-pedestrian was struck in the crosswalk; she had seen the defendant's car before crossing, but did not continue to watch the car but looked ahead at the door of the restaurant to which she was going. The court upheld the jury's verdict for the defendant.

In *Shoemake* v. *Wilsey,* 43 Cal.2d 686 [277 P.2d 17], the plaintiff said he observed the defendant's car all of the time. There was conflicting evidence as to whether the plaintiff had run in front of the defendant's vehicle. The jury found for the defendant. Here, there is also some conflict in the evidence as to whether the plaintiff was proceeding at a normal or fast pace.

A conflict on the evidence resolved by the jury in the defendant's favor cannot be considered on appeal.

█ Plaintiff's third contention is that his negligence, if present, would not bar recovery as his negligence was not the proximate cause of the injury and the defendant had the last chance to avoid the accident. As there is conflicting testimony whether the plaintiff or his bicycle were hit, and the nature and extent of his injuries, the jury could have concluded that he was not injured as a result of the accident.

█ No instructions on last clear chance were offered by the plaintiff at the trial. He cannot now complain that the issue should have been submitted to the jury. (*Townsend* v. *Butterfield,* 186 Cal. 564 [143 P. 760] ; *Ornales* v. *Wigger, supra.*) Furthermore, this case would not appear to be a proper one for the application of the doctrine. (*Doran* v. *City & County of San Francisco,* 44 Cal.2d 477 [283 P.2d 1] ; *Palmer* v. *Tschudy,* 191 Cal. 696 [218 P. 36] ; *Girdner* v. *Union Oil Co.,* 216 Cal. 197 [13 P.2d 915].)

In view of the foregoing the judgment must be affirmed.

Judgment affirmed.

Draper, J., concurred.

DOOLING, J.—I concur in the judgment. The defendant testified that when her car was entering the north crosswalk there were no pedestrians in the south crosswalk and all cars in the vicinity were in motion. At that time she saw plaintiff leave the curb and immediately put on her brakes but did not stop her car in time to avoid striking plaintiff's bicycle. This testimony presented a question of fact as to whether or not

the provisions of section 560, Vehicle Code, were applicable. If the jury, as we must assume in favor of the verdict, decided these fact questions in favor of defendant the arguments of appellant based on that section of the Vehicle Code are not supported by the record.