[Civ. No. 8605.   Third Dist.   July 22, 1955.]

LOUISE WARD, Appellant, v. WILLIAM A. KNAPP,
Respondent.

Oscar A. Kistle and Albert H. Mundt for Appellant.

Taft, Wright & Hopkins for Respondent.

VAN DYKE, P. J.—This is an action for damages brought
by plaintiff and appellant Louise Ward for the alleged wrong-
ful death of her husband, Billy B. Ward, who was killed while
riding in an automobile driven by defendant and respondent.
Appellant by her complaint charged that Ward's death was
caused by the wilful misconduct of respondent in that, while
aware that he was suffering from lack of sleep, he, never-
theless, continued to drive his automobile at a high rate of
speed upon a wet and slippery highway with the result that
he fell asleep while so driving and lost control of the automo-

bile which overturned and killed Ward. The evidence as to the actions of respondent and as to the occurrence of the accident came mainly from respondent and was as follows: As respondent was returning to San Francisco from Sacramento and at about 2:30 a. m. he picked up Ward as a hitchhiker. Ward sat in the front seat on respondent's right until the accident occurred. It had been raining, the highway was wet and respondent was driving from 50 to 55 miles per hour. A short time before the accident respondent became drowsy. The heater in the car was on and he shut it off. He opened the window next to him and moved close to it and loosened his jacket. He continued to drive. While driving down a grade he started nodding and a short distance ahead where there was a curve he fell asleep for about five seconds. He missed the curve. The vehicle went over onto the right shoulder of the road, then back and into the opposite travel lane where it turned over. It was stipulated the death of Ward was caused by injuries then received.

At the request of respondent the trial court instructed the jury upon assumption of risk, giving the following instructions:

"There is a legal principle commonly referred to by the term 'assumption of risk,' which now will be explained to you:

"One is said to assume a risk when he freely, voluntarily and knowingly manifests his assent to dangerous conduct or to the creation or maintenance of a dangerous condition, and voluntarily exposes himself to that danger, or when he knows, *or in the exercise of ordinary care would know,* that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places himself, or remains, within the area of danger."

"It should be noted that to bar recovery, assumption of risk must be voluntary. To be voluntary, these two factors must be present: First, the person in question must have actual knowledge of the danger, *or the conditions must be such that he would have such knowledge if he exercised ordinary care.* Second, he must have freedom of choice. This freedom of choice must come from circumstances that provide him a reasonable opportunity, without violating any legal or moral duty, to safely refuse to expose himself to the danger in question." (Italics added.)

The jury returned a general verdict in favor of respondent, and appellant on appeal assigns the giving of the instructions on assumption of risk as error, contending, first, that there

was no evidence in the case justifying the submission to the jury of the issue of assumption of risk, and, second, that the instructions as given were prejudicially erroneous. Little need be said as to the error in giving the quoted instructions since there was included therein the matter which we have italicized. This court had occasion in *Plotts* v. *Albert*, 120 Cal.App.2d 105 [260 P.2d 621], to reverse a defense judgment for the giving of the same instructions as were given here and we based our holding that the instructions were erroneous upon the case of *Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375 [240 P.2d 580]. We quoted the following from that case:

" '. . . The doctrine of assumption of risk is based on the theory that there has been a voluntary acceptance of a risk, and such acceptance, whether express or implied, requires knowledge and appreciation of the risk. [Citing cases.] Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of risk; but where it merely appears that a person could or should have discovered the danger by the exercise of ordinary care, the defense is not assumption of risk but contributory negligence.' "

■ It is now well settled in California that the doctrine of assumption of risk does not apply unless there is actual knowledge of the danger. Of course proof of such knowledge may be circumstantial. ■ The instructions given told the jury wrongfully that the doctrine might apply and be a defense to the action even though Ward did not have knowledge of the risk if in the exercise of ordinary care he should have had knowledge. ■ On this issue, therefore, the only remaining question is whether or not the error in giving the instructions was prejudicial to the point where the judgment appealed from must be reversed. We think it was. This was a case where the defense verdict might have been based upon a finding by the jury that respondent had not been guilty of wilful misconduct as that term is defined in the guest statute. (Veh. Code, § 403.) It might also have been based upon a finding by the jury that even though respondent was guilty of wilful misconduct yet Ward was negligent in not having learned of it and hence had assumed the risk of riding with him. It cannot be said from this record upon what the jury did base its verdict, that is, upon a correct premise or upon a premise derived from the fault in the instructions. Under such circumstances the error is substantial and requires a reversal of the judgment appealed from.

In what we have said we are not to be understood as holding that from the evidence given in this case there was an issue to be decided by the jury as to whether or not Ward had assumed the risk of respondent's conduct. It is contended by the appellant that the evidence, even under proper instructions, would not support a holding that Ward had assumed that risk and appellant's arguments in view of the record here are most persuasive. However, the record may not be the same upon the retrial of the action and we think it unnecessary to this decision that we discuss the matter.

The judgment is reversed.

Finley, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.