[Civ. No. 6349. Fourth Dist. Nov. 18, 1960.]

A. L. FLORES, Appellant, v. HARRY R. McCOY,
Respondent.

Otis Babcock for Appellant.

Jacobs, Jacobs & Nelson and Robert H. Jacobs for Respondent.

GRIFFIN, P. J.—In this action for damages arising out of a collision of defendant's automobile and plaintiff, a pedestrian in a marked crosswalk, plaintiff-appellant appeals from a judgment rendered by a jury in favor of defendant-respondent.

Plaintiff alleged negligence of defendant, which defendant denied and pleaded contributory negligence of plaintiff as a defense. The principal question on this appeal is the suffi-

ciency of the evidence to show contributory negligence on the part of plaintiff.

The facts in reference to the actions of the parties at the time of the accident are in conflict and not well defined. Plaintiff, aged about 65, of the Mexican race and speaking English with some difficulty, was walking, with a cane, southerly on the easterly side of Lacy Street in Santa Ana. This street forms a "T" intersection with First Street, which is a four-lane street about 54 feet wide with marked traffic lanes of 10-foot width, and a double line in the center. Defendant, aged about 75, was driving his Dodge coupe westerly on First Street in the left-hand lane near the double center line, at approximately 25 miles per hour, on November 23, 1958, about 11 o'clock a.m.

Plaintiff's testimony indicates he was carrying an unopened bottle of wine in his hip pocket; that he looked for cars and saw defendant's car very far away; and that he stepped down from the curb into the marked crosswalk. He later testified that after he proceeded south about 15 to 20 steps he saw, for the first time, defendant's car approaching in the right center lane about one block away, coming very fast, and he tried to flag him down but could not; that as he was about three feet from the double center line he was struck by defendant's car and thrown to the pavement, and suffered severe injuries.

Defendant McCoy, due to illness, did not testify at the trial but his previously taken deposition was read into evidence. He stated he was driving westerly under 25 miles per hour in his left-hand center lane; that as he came up to the street crossing he saw a man step off the sidewalk about 20 feet away from him and start south across the street; that he saw no other cars between them; that he jammed on his brakes and stopped his car about one-half way through the crosswalk and his car struck plaintiff near his left-hand bumper, and that plaintiff, thereafter, was lying a little to the right of defendant's car after the collision; that there were other cars using the street at the time and some of the cars had stopped.

A barber in a nearby shop said he heard screeching of brakes and first saw plaintiff in the crosswalk about three or four feet from the center lane and did not see defendant's car until it stopped with its front end in the crosswalk, and that plaintiff was looking straight ahead.

One Eleanor Hess was driving easterly on First Street at

the time she first saw plaintiff in her left-hand center lane. She testified that she had stopped and had the intention of turning north on Lacy Street after defendant's car would pass her; that she then saw plaintiff as he stepped off of the curb and later saw him in the crosswalk, and defendant's car was then one-half block away (about 200 feet) when plaintiff stepped from the curb, and defendant was driving about 25 miles per hour; and that the next thing defendant slammed on his brakes and hit plaintiff. She did not see plaintiff flag defendant's car as he indicated, but said he was carrying a cane. She heard no horn sounded and did not see defendant's car swerve in any manner. She said he just slammed on his brakes and the front end of the driver's side of the car hit plaintiff. She did not observe where plaintiff was looking, and said he did not try to run out of the way.

A patrol officer testified he arrived soon after the accident and found defendant's car stopped about one-half the distance through the 12-foot crosswalk; that plaintiff's body was in the street in front of it, and that three wheels showed skid marks from 12 to 18 feet in the center west-bound lane; that there was broken glass in plaintiff's hip pocket and on the street and a large spot of wine surrounding it; that he smelled the odor of alcohol on plaintiff's breath and he "estimated he was under the influence of liquor." However, on cross-examination, he testified he did not determine whether plaintiff was drunk or intoxicated, but said his eyes were bloodshot, "he was feeling good," his judgment was impaired, and that he was still of the opinion plaintiff was under the influence of liquor.

The officer also stated that the point of impact, in his opinion, from the facts he saw, was about 18 feet south of the north curb line in the crosswalk. He later testified he could not find the exact point of impact. He then testified that plaintiff told him that he, plaintiff, had stepped off of the curb, saw an oncoming car 10 to 15 feet away, and continued going through the crosswalk because he was under the impression the car was supposed to stop for him; that defendant driver stated to him that he first saw plaintiff in the south-bound crosswalk approximately eight feet south of the north curb, and did not see him step off of it. He said he tested defendant's car and there were no defects in the braking system.

After hearing this evidence, the court did give instructions on the question of contributory negligence, and reconsidered

the evidence on the motion for new trial, which it denied.

It is plaintiff's position that defendant was guilty of negligence and that plaintiff, as a matter of law, was not guilty of contributory negligence, citing such authorities as *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834]; *People* v. *Lett*, 77 Cal.App.2d 917, 919 [177 P.2d 47]; and *Pierce* v. *Black*, 131 Cal.App.2d 521, 529 [280 P.2d 913]. These cases are all factually dissimilar to the instant case.

■ We are here confronted with the time-honored rule that where a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination of whether or not there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427-429 [45 P.2d 183]. See also *Figlia* v. *Wisner*, 150 Cal.App.2d 109, 112 [309 P.2d 832].)

■ The action of the trial court in granting or refusing to grant a new trial is conclusive and will not be disturbed in the absence of a clear and affirmative showing of gross, manifest, or unmistakable abuse of discretion. (36 Cal.Jur.2d 145.)

In *Jeffs* v. *LaGore*, 131 Cal.App.2d 181, 185 [280 P.2d 140], this court had before it a case somewhat factually similar, and we there held that the fact that a pedestrian is in a crosswalk does not establish his freedom from negligence.

■ In *O'Brien* v. *Schellberg*, 59 Cal.App.2d 764, 768 [140 P.2d 159], it was said:

"It is the duty of every pedestrian before entering a highway to make reasonably careful observations to ascertain traffic conditions to be encountered. It is his duty to look in the direction from which an approaching motorist might endanger his safety, to exercise reasonable care at all times within the marked crosswalk, and to continue to be alert to safeguard against injury. [Citing cases.]" See also *Callahan* v. *Gray*, 44 Cal.2d 107 [279 P.2d 963]; *Shoemake* v. *Wilsey*, 43 Cal.2d 686 [277 P.2d 17]; and *Smith* v. *Sugich*, 179 Cal.App.2d 299 [3 Cal.Rptr. 718].

■ Considering the evidence most favorable to respondent, as we must, it might indicate that plaintiff did see defendant's car before he stepped off of the curb and that defendant's car was then 10 to 18 feet away from him, traveling at about 25 miles per hour; that believing he had the right of way in the crosswalk, he continued forward without again looking at defendant's car because he believed it was

defendant's duty to stop for him under those circumstances and accordingly he took no further precautions to avoid the accident. The jury might well have believed that plaintiff was guilty of contributory negligence in not making a reasonable observance prior to stepping out into the street, or paying sufficient attention while he was crossing the street, and that due to plaintiff's drinking his judgment was impaired and accordingly plaintiff was not able to keep a reasonable lookout and that he did not do so. At least the evidence presented a factual question for the determination of the jury and it was not one of law. (*Reichle* v. *Hazie*, 22 Cal.App.2d 543 [71 P.2d 849] ; 7 Cal.Jur.2d, § 262, p. 96, and cases cited.)

██ Next, plaintiff claims the court erred in repeating and giving emphasis to the instructions on due care of plaintiff and on the question of contributory negligence. The instructions involved stated that one who has the right of way is not thereby excused from the exercise of ordinary care and that this duty continues even though one has a right of way. After some deliberations, the jury returned to court and asked questions in reference to the point of impact. Evidence on this point was reread. The jury retired, and then returned and asked for further instructions on the question of contributory negligence and the rights of a pedestrian in a crosswalk. The court reread the instructions given on those subjects. The court pointed out to the jury, previous to its retirement, that the court did not by reading instructions on the subject, wish to emphasize the rule. We see no undue emphasis on these instructions, particularly where the jury requested them to be reread. It is not possible to cover all of the law in a single instruction. If a few instructions concerning a certain point are singled out, they may appear to emphasize that point. Instructions are, however, to be considered as a whole and in the light of all the others, and the court so instructed the jury in the first instance.

 Plaintiff then contends that one of these instructions was erroneous where the court defined the term "right of way" as meaning—— ". . . that when at any given moment of time, two persons, neither of whom then occupies the space in question, desire to proceed into the same place on the highway, one of them shall yield. The other has the privilege of the immediate use of the space in question. That privilege is his right of way." This instruction was given in *LaBranch*

v. *Scott*, 82 Cal.App.2d 1, 9 [185 P.2d 823], and it was there held that since the rule applies equally to plaintiff or defendant, plaintiff could not claim prejudice. One instruction in the language of Vehicle Code, section 21950, formerly section 560, pertaining to right of way of a pedestrian in a crosswalk was given and it was followed by an instruction that violation of a statute creates a presumption of negligence unless a person violating it did what might have been expected in the exercise of ordinary prudence. No prejudicial error appears in this respect.

█ Plaintiff complains because the court refused certain of his proffered instructions, i.e., 2, 3, 4, 5, 7, 8 and 9. He does not point out in his brief how this constituted prejudicial error. Suffice it to say most of these instructions were adequately covered by other given instructions. The one to the effect that defendant was guilty of negligence as a matter of law was properly refused, since that was a question of fact. (*Edwards* v. *McCormick*, 79 Cal.App.2d 800 [181 P.2d 58].) The one relating to the purchasing power of the dollar was likewise properly refused. (*Lemere* v. *Safeway Stores, Inc.*, 102 Cal.App.2d 712, 728 [228 P.2d 296].) In *Kircher* v. *Atchison, Topeka & Santa Fe Railway Co.*, 32 Cal.2d 176 [195 P.2d 427], it was held that judicial notice may be taken of such a fact. No prejudicial error resulted.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 15, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1961.