[Civ. No. 24755. Second Dist., Div. Three. May 26, 1961.]

THERESA ROSTANT, Appellant, v. HAROLD BORDEN, Respondent.

Arden & Arden, Joseph D. Flaum, L. John Arden and Leonard M. Colene for Appellant.

Jarrett & Morgan, Daniel Hon and Wm. Marshall Morgan for Respondent.

NOURSE, J. pro tem.*—Appellant is the plaintiff in an action brought by her against respondent to recover damages for personal injuries. She appeals from the judgment entered upon verdict of the jury in favor of respondent.

Appellant makes three assignments of error. Only one of them has any substance whatsoever. We will first treat of the other two.

She complains that the court erred in instructing the jury on contributory negligence. She does not complain that the instructions given were erroneous but asserts that there was no evidence of contributory negligence to which the jury could apply them. This contention is frivolous. In the first place the pretrial order stated that contributory negligence was one of the issues to be tried. In the second place she requested and the court gave three instructions which

---

*Assigned by Chairman of Judicial Council.

dealt only with matters involving her rights and duties as a pedestrian and which were relevant only if contributory negligence was an issue. She therefore invited the error if any there was. [██] In the third place she does not attempt to show that the evidence produced was insufficient to submit the question of her negligence as a proximate cause of the accident to the jury. Lastly, the evidence as we will hereafter further demonstrate, was clearly sufficient to uphold a finding by the trial jury that the appellant was negligent and that her negligence proximately contributed to the happening of the accident.

██ Appellant asserts that an "atmosphere" of bias and prejudice prevailed throughout the trial prejudicial to plaintiff's case. She makes no reference to any incident occurring during the trial upon which to base this charge against the trial court but contents herself with inviting this court to read the entire reporter's transcript consisting of 996 pages (exclusive of the instructions to the jury) in an attempt to discover some matter which would support her contention. We can only conclude that this assignment of error is not made in good faith.

Appellant asserts that the court erred in instructing the jury upon the defense pleaded by respondent of assumption of risk. She does not attack the instructions but asserts that there was no evidence to which such instructions could have been applied by the jury. ██ In order to support a defense of assumption of risk there must be evidence from which the jury could find that a dangerous condition existed; that the plaintiff had actual knowledge of the condition and the dangers inherent therein and that she, with the knowledge of that danger, voluntarily exposed herself to the danger. ██ The defense is applicable even though the dangerous condition is one created by the negligence of the defendant (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158 at 162 [265 P.2d 904]) and the fact of plaintiff's actual knowledge of the dangers and that she voluntarily exposed herself thereto may, like any other fact, be proven by indirect as well as direct evidence. (*Ching Yee* v. *Dy Foon*, 143 Cal.App.2d 129, 139 [299 P.2d 668].) ██ The defense of assumption of risk is not applicable where the plaintiff acts in the exercise of a right given her by law. (Rest. of the Law, Torts, vol. 4, § 893.) ██ This defense is distinguished from that of contributory negligence in that one who places himself in a place of known danger with the knowledge of the risk, may not recover

even though he exercises ordinary care in entering the place of danger and after entering it; while in order to establish the defense of contributory negligence it must be proven that plaintiff failed to exercise ordinary care, that is, was negligent and that her negligence was a proximate cause of the accident.

We have not been cited to any cases nor has our research disclosed any in this state where the defense of assumption of risk was asserted as such in an action involving a collision between a vehicle and a pedestrian.

 The evidence here viewed in the light most favorable to the defendant is not such as to make applicable the instructions on assumption of risk. There was substantial evidence which would support a finding of the following facts by the jury: That the plaintiff was crossing the street in question; that she reached a safety island in the center of the street having two westbound lanes of traffic yet to cross; that she stood on the curb of the safety island, looked to her right, saw the defendant's vehicle approaching the intersection and which was then at a distance of approximately 50 feet from the point at which her path and its path would intersect if she attempted to cross the remainder of the street; that it was dark and that the speed of the vehicle was such as to create an immediate hazard; that having seen these things she nevertheless left her place of safety and ran along the unmarked crosswalk in an attempt to cross the street ahead of the approaching vehicle.

 While under these facts there was a situation of danger, the plaintiff in crossing the street did so in the exercise of her right of way over the approaching vehicles. (Veh. Code, § 21950.) The questions presented by these facts are: Did the plaintiff in making her choice to leave her place of safety and exercise her right of way, exercise reasonable care; and was her act in so doing a proximate cause of her injury? While under the facts we have stated, both questions might, as a matter of law, have to be answered in the affirmative, still as an academic matter, the defense of assumption of risk is not applicable, for the plaintiff in acting was exercising a right (that is, her right of way). By reason of the defendant's negligence she had to choose between two courses of action, i.e., either to stay in her place of safety or to take the risk inherent in exercising her right, and her right to recover for the injuries received in so doing would only be defeated if in choosing to take the risk she did not act as a reasonably prudent person would have acted, but her recovery would be

defeated not because of assumption of risk in the true sense but because she was guilty of contributory negligence.

■ Under facts such as exist here, the distinction between the two defenses is a fine one, but it lies in the fact that in order to establish the defense of assumption of risk it need not be proven that the injury to the plaintiff resulted from her failure to conduct herself as a reasonably prudent person would have under the same circumstances, while to establish the defense of contributory negligence that fact would have to be proven. ■ Where a person acts in the exercise of a right given him by law, he may only be said to assume a risk if in acting he fails to exercise ordinary care, and his recovery is defeated because in acting he was negligent.

■ We are convinced, however, that the giving of the instructions on the assumption of risk was not prejudicial. The legal distinction between the defense of assumption of risk and the defense of contributory negligence through the "voluntary assumption of risk" is so fine that we believe it to be impossible for any jury, under the facts such as exist here, to see the distinction between the two. (See Rest. of the Law, Torts, vol. 4, § 893, comment (c) and vol. 3, §§ 466, 473, comment (d); Prosser, Law of Torts, pp. 304-305.)

■ While we have discussed this point upon its merits, we are further convinced that the plaintiff invited the giving of the instructions on the assumption of risk. In the pretrial conference order the pretrial judge adopted and made a part of his order a pretrial statement made by the defendant. This statement, after reciting the manner in which the accident occurred, stated the issues to be tried. Among these issues was assumption of risk on the part of the plaintiff. No objection was made by the plaintiff to this pretrial order nor did the plaintiff at the trial suggest to the trial judge that under the evidence as produced, assumption of risk was no longer in issue. Plaintiff and defendant each requested the trial court to give to the jury instruction Number 21 of BAJI. (See revision of 1959.) As is customary, they did this not by submitting the instruction itself but merely by request that the instruction of BAJI bearing this number be given. They did not, as the trial court might and should have requested them to do, fill in the blank spaces in the instructions; these blank spaces being for the insertion of a statement of the issues which the plaintiff had the burden of proving and the issues which the defendant had the burden of proving. The trial court justifiedly assumed that counsel desired the jury to

be instructed in accordance with the issues as settled by the pretrial order and filled in the blanks in the instructions handed him by the clerk in accordance with the request of both parties so as to state the issues as they were stated in the pretrial order.

The record here does not disclose whether, before the commencement of argument, the court, in accordance with section 607a, Code of Civil Procedure, advised counsel of the instructions which it would give but it does disclose that counsel for plaintiff asserted no objection to this instruction as read to the jury. Under the circumstances of this case we hold that counsel for plaintiff, having requested the court to give instruction Number 21 without designating the issues and without advising the court of the contention on his part that the issue of assumption of risk as stated in the pretrial order was no longer present, himself invited the court to instruct in accordance with the pretrial order. Inasmuch as instruction Number 21 stated assumption of risk to be an issue, it was encumbent upon the trial court to instruct the jury as to the law on that subject.

It is apparent from the record here that counsel for the plaintiff was not taken by surprise when the court tendered the issue of assumption of risk to the jury for that defense was argued by counsel for the defendant to the jury without objection on the part of plaintiff's counsel and when instruction Number 21 and the instructions upon assumption of risk were given to the jury no objection was made by plaintiff's counsel. While there is no statutory provision requiring objections to or exceptions to instructions given by the court, under the circumstances shown here plaintiff is in no position to claim prejudice from the error if error there was.

The judgment is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.