[L. A. 26172. In Bank. Aug. 3, 1961.]

EMMETT T. STEELE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LITTON INDUSTRIES, INC., et al., Real Parties in Interest.

Crowley & Rhoden and Harold Rhoden for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Sheppard, Mullin, Richter & Hampton, William A. Masterson, Trippet, Yoakum & Ballantyne, Frank B. Yoakum, Jr., Thomas H. Carver, O'Melveny & Myers and Philip F. Westbrook, Jr., for Real Parties in Interest.

PETERS, J.—Petitioner is the plaintiff in a civil action entitled *Emmett T. Steele* v. *Litton Industries, Inc., et al.,* pending in the respondent Superior Court. The corporation, Charles B. Thornton, Roy L. Ash, Hugh W. Jamieson, and Electro Dynamics Stock Trust Fund, a partnership, are defendants in that action, and are also the real parties in interest in this proceeding. Petitioner seeks a writ of mandate to compel respondent court to vacate an order denying his motion, made pursuant to section 2031 of the Code of Civil Procedure, by which he sought authority to inspect several

unsigned depositions which had been taken in a separate and distinct action which was subsequently dismissed, and which depositions are either in the possession of the real parties or under their control.

The facts which were presented to the respondent court, and upon which it predicated its denial of the motion, are substantially as follows:

Jamieson, Thornton and Ash entered into an agreement in 1953, resulting in the acquisition by Litton Industries, Inc., of a business formerly owned by one Charles Litton. The three individuals formed a partnership for the purpose of holding the stock of the corporation. In 1958 disagreements occurred between the partners, resulting in an action filed by Jamieson, in which Thornton and Ash were named as defendants. In that action Jamieson sought declaratory relief, dissolution of the partnership, an accounting, damages, and other relief based upon the alleged breach of fiduciary duty, breach of contract, and conversion. While that action was pending, Steele filed an independent action in which he named Jamieson, Thornton, Ash, the partnership and the corporation as defendants. He alleged that he was associated in the original transaction and was to receive the same interest in the corporation as was received by the other individuals. His complaint was predicated upon alleged fraud and deceit, conspiracy and breach of contract, and prayed for declaratory relief. He also seeks to impose a constructive trust, based on a breach of fiduciary duty, and to obtain specific performance. Subsequent to the date on which Steele filed his action, depositions were taken in the Jamieson action, to which Steele was not and never has been a party. The depositions included those of Jamieson, Thornton and Ash, all of whom are defendants in the Steele action. Although the depositions were transcribed, they were never corrected or signed. In addition to obtaining the typed copies, the various attorneys involved in the Jamieson action (all of whom are also attorneys for one or more defendants in the Steele suit) obtained and have in their possession the respective notes of the shorthand reporter. Subsequent to the taking of the depositions, Jamieson, the plaintiff in that action, caused his complaint to be dismissed. Thereafter, and in preparation for the trial of his action, Steele moved respondent court for an order authorizing inspection and copying of the Jamieson, Thornton and Ash depositions. The order denying that motion is the basis of this proceeding.

Petitioner contends that he is entitled to inspection under the provisions of section 2031 of the Code of Civil Procedure. In support of the order denying discovery, the real parties urge that petitioner has not made a proper showing of good cause. The alleged failure to show good cause is predicated upon: (1) failure to show relevancy of the depositions to the *"issues"* of the case; (2) failure to show that the depositions would be admissible at the trial of the action; and (3) failure to show necessity for inspection. From these premises the real parties conclude, in reliance upon *Twin Lock, Inc.* v. *Superior Court,* 171 Cal.App.2d 236 [340 P.2d 748], and the earlier cases cited therein, that an order requiring them to produce the unsigned depositions would amount to an unreasonable and unlawful search and seizure. They also claim that such an order would violate some undisclosed privilege. This last point is not developed in the briefs and need not be further discussed.

These same arguments were considered and rejected in the case of *Greyhound Corp.* v. *Superior Court, ante,* p. 355 [15 Cal.Rptr. 90, 364 P.2d 266], this day filed. The rejection of these arguments, however, does not mean that the requested inspection should be granted as a matter of law. This is so because, as pointed out in the *Greyhound* case, *supra,* the trial court has a wide discretion in passing on such motions. The record herein demonstrates that that discretion has never been exercised. This is shown by the memorandum opinion[1] filed by the trial judge, the Honorable Philbrick McCoy, in support of his denial of the requested inspection. In that opinion the trial judge fairly and frankly stated that he was of the opinion that inspection had to be denied as a matter of law under the authority of the *Twin Lock* case, *supra,* and that all other points were moot.

While the *Twin Lock* case was authority for such a ruling when the memorandum opinion was filed, the rule of that case has since been disapproved (*Greyhound Corp.* v. *Superior Court, supra.*) Thus, the sole reason given by the trial judge for denying inspection no longer exists. This being so the case should be returned to the trial court to permit it to exercise its statutory discretion, and to pass on the other matters raised by the motion and the opposition filed to it.

It should be noted that in his memorandum opinion

---

[1]The filing of such opinions is of great benefit to appellate courts. It is a practice suggested and approved in the *Greyhound* case, *supra.*

the trial judge discussed the question whether or not the documents sought to be inspected were, in fact or in law, depositions. He ruled that, since the documents had not been either corrected or signed by the witnesses, they were not depositions, and for that reason were not admissible in evidence. As held in the *Greyhound* case, *supra,* the question of admissibility of the evidence, is not a controlling factor. This being so, for the guidance of the trial court on its reconsideration of this proceeding, it should be pointed out that whether the documents are or are not depositions is of little moment. Under the rules announced in the *Greyhound* case, *supra,* if the requested documents comprise a written record of questions and answers asked of and answered by the parties and deal with matters relevant to the subject matter of the instant case, then it is immaterial whether or not they are sworn statements. They may be admissible as statements made by the parties to this action, or they may be admissible to refresh their recollection, or to impeach their testimony. If not admissible for these reasons, they may lead to admissible evidence. If there is some question of their accuracy, the trial court may permit the witnesses to correct them prior to their production for inspection, or, in its discretion, may make any other protective orders under the powers granted to it by section 2031 or by subdivision (b)(1) of section 2019 of the Code of Civil Procedure, and fully discussed in the *Greyhound* case, *supra.*

It is therefore ordered that a peremptory writ of mandate issue requiring the trial court to vacate its order denying petitioner's motion for inspection, and the cause is remanded to the trial court with instructions to reconsider and redetermine that motion in accordance with the views expressed in this opinion and in the case of *Greyhound Corp.* v. *Superior Court, supra, ante,* p. 355, this day decided.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., White, J., and Dooling, J., concurred.

The petition of the real parties in interest for a rehearing was denied August 30, 1961. McComb, J., did not participate therein.