[Civ. No. 25638.   Second Dist., Div. Three.   Nov. 10, 1961.]

CITY OF LOS ANGELES, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GILBERT HOFFMAN et al., Real Parties in Interest.

Roger Arnebergh, City Attorney, John L. Flynn, Sr., Assistant City Attorney, and Robert Sikes for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Moss & Sherman for Real Parties in Interest.

FRAMPTON, J. pro tem.*—This is a petition for writ of mandate. The complaint in the original action is for wrongful death of the minor son of the plaintiffs therein claimed to have been proximately caused by the negligent maintenance of a pond situated on premises designated as the Los Angeles International Airport and which was operated and controlled by defendant city of Los Angeles through its Board of Airport Commissioners.

Petitioner had filed and served upon plaintiffs (real parties in interest) certain interrogatories some of which were answered, some partially answered and some remained unanswered. Petitioner then moved the trial court for an order requiring plaintiffs to further answer such interrogatories, which motion was denied.

The interrogatories which respondent court ruled did not have to be answered further, and the answers or objections thereto are as follows:

*"Interrogatory No. 6*: Do you or either of you know of any photographs which were taken of any part of the Los Angeles International Airport area, including the entrances, fences and the drainage pond and approaches thereto?

*"Answer No. 6*: Plaintiff objects to this question as being to [*sic*] broad, conclusive, ambiguous and also calling for work products of the attorney.

*"Interrogatory No. 7*: If the answer of either of you to the immediately preceding interrogatory was in the affirmative, please set forth the date or dates upon which each of said photographs was taken, the person and his address taking the same, the present location of the said photographs, the name and address of any or all persons having copies or negatives thereof and the scene depicted in each such photograph.

*"Answer No. 7*: Plaintiff objects to this question on the same grounds as Answer No. 6.

*"Interrogatory No. 8*: Have either of you or your attorneys, or anyone acting for you, interviewed any witnesses in connection with any phase of this action?

---

*Assigned by Chairman of Judicial Council.

"*Interrogatory No. 9*: If the answer of either of you to the immediately preceding interrogatory is in the affirmative, please set forth the name and address of each such witness so interviewed, the place and date of such interview, the person conducting said interview together with his address.

"*Interrogatory No. 10*: Did you or either of you or your attorneys or anyone acting for you obtain any written statements, either signed or unsigned, from any witness in connection with this action and the facts pertaining thereto?

"*Interrogatory No. 11*: If the answer of either of you to the immediately foregoing interrogatory is in the affirmative, please set forth the name and address of each witness from whom each such statement was made [*sic*], the date and place each such statement was made, the name and address of the person having present custody of each such statement.

"*Answers No. 8, 9, 10 & 11*: Mrs. Elsie Larson, 8424 Rindge, Playa Del Rey, California; Michael O'Brien, 740 Hermosa Avenue, Hermosa Beach, California, and obtained written statements from him."

As to Interrogatories Numbers 8, 9, 10 and 11, the court ruled that plaintiffs did not have to further answer Interrogatories Numbers 9 and 11.

"*Interrogatory No. 12*: Please set forth the name and address of every person who has knowledge of any relevant fact in connection with this action.

"*Answer No. 12*: Plaintiff objects to this question as being too broad, ambiguous and difficult to answer.

"*Interrogatory No. 14*: Please set forth the facts upon which you base your allegations as contained in paragraph VI of the First Cause of Action of your Complaint herein that the defendant CITY OF LOS ANGELES 'did so negligently, carelessly and recklessly operate and maintain said drainage pond and basin and surrounding area, so that said DONALD BRUCE HOFFMAN did drown therein.'

"*Answer No. 14*: Plaintiff has not fully completed the investigation of the matter at this time but, among other facts, the defendants were careless, reckless and negligent in the following particulars:

"a.) Construction and maintenance of fences and gates surrounding the area.

"b.) In sign posting the area.

"c.) Maintaining patrols in the area.

"d.) Maintaining roadways in the area.

"e.) Permitting an overflow of water in the pond.

"f.) Permitting the pond to become silted.

"g.) Construction and maintenance of the sump.

"*Interrogatory No. 19*: Please set forth the facts upon which you base your allegation as contained in paragraph II of the Second Cause of Action 'that said pond and basin and surrounding area was not adequately guarded.'

"*Answer No. 19*: Plaintiff has not completed investigation herein but, among other facts, the fences and gates in the area were not properly constructed or maintained, patrols and supervision of the area [were] not adequate, roadways in the area were not properly maintained, the pond was permitted to become silted and was not properly pumped out, an overflow of water was permitted in the pond and the area was not properly sign posted."

Plaintiffs urge for example that "Interrogatory Number 6 and Interrogatory Number 7 ask in the broadest manner possible, without limitation as to time, areas, relevancy, distance or any other factor, requesting photographs of the Los Angeles International Airport area. This would include photographs of the run ways, buildings, administration areas, airplanes and other items of an unlimited period of time in which the plaintiffs, as members of the general public and long time residents of this area, might have observed in general news, advertisements, magazines and other such news media or otherwise." There is some merit to plaintiffs' position.

It should be borne in mind that discovery relates to matters "relevant to the subject matter involved in the pending action" (Code Civ. Proc., § 2016, subd. (b)), and as to production and inspection of documents or photographs, it includes only those which are in the "possession, custody, or control" of a party (Code Civ. Proc., § 2031). When these limitations are disregarded by counsel in applying the rules of discovery and the scope of the interrogatories is unreasonably broad, the trial court is confronted with problems which could easily have been avoided.

The court might sit down with opposing counsel and, in the course of a lengthy conference, iron out the vagaries of the respective questions and insufficiencies of the answers and attempt by agreement of the parties to bring the questions and answers within the statutory limitations. However, this

would be time consuming and would place an unwarranted burden on the court below in assuming a duty which rests primarily on counsel.

The statutes vest a wide discretion in the trial court in granting or denying discovery, and appellate courts in passing on orders granting or denying it should not use the trial court's discretion argument to defeat the liberal policies of the statutes. The courts, however, should be careful to impose the burden of showing the trial court's abuse of discretion or lack of it on the proper party. The court should utilize its power to make such orders as justice requires. (*Greyhound Corp.* v. *Superior Court* (Aug. 1961), 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Steele* v. *Superior Court*, 56 Cal.2d 402 [15 Cal.Rptr. 116, 364 P.2d 292].)

It is well within the discretion of the trial court to require that questions must call for information as to specific facts and unless there is a clear abuse of discretion shown the appellate court should not consider the matter de novo.

Also, the fact that the trial court could have required further answers does not mean that it was compelled to do so. In such case the burden rests upon petitioner to show that the ruling below resulted in some prejudice to it. "Abuse of discretion" in allowing or denying discovery is synonymous with "resulting prejudice." If there is no proof of resulting prejudice, abuse of discretion is not shown.

The objections to Interrogatories Number 6 and Number 7 could have been sustained with the right to request photographs of specific areas. (*Smith* v. *Superior Court* (Feb. 1961) 189 Cal.App.2d 6 [11 Cal.Rptr. 165]; *Cembrook* v. *Superior Court*, 56 Cal.2d 423, 427 [15 Cal.Rptr. 127, 364 P.2d 303].) In this case, however, we cannot say that the court below abused its discretion in sustaining the objections to the interrogatories in the broad form in which they were presented.

Interrogatories Number 9 and Number 11 gave petitioners all information necessary to request inspection of the statements therein mentioned. Inspection of such statements would have furnished petitioner substantially with the same information possessed by respondent.

Interrogatory Number 12 is as broad as space. It is repetitious of Interrogatories Numbers 8, 9, 10 and 11, which were substantially answered.

Interrogatories Number 14 and Number 19 were substantially answered.

We find no abuse of discretion in the trial court's rulings and, therefore, no resulting prejudice to petitioner.

Petition for writ of mandate is denied. The alternative writ is discharged.

Shinn, P. J., and Ford, J., concurred.