[Civ. No. 25674.   Second Dist., Div. Three.   Aug. 20, 1962.]

LEXTON L. BUTLER, Plaintiff and Appellant, v. ERA-NANCY MALIS, Defendant and Respondent.

John H. Gordon and William E. Still for Plaintiff and Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Defendant and Respondent.

FILES, J.—Plaintiff, a pedestrian, was struck by defendant's automobile while in a marked crosswalk on Main Street opposite the Los Angeles City Hall. A jury returned its verdict for defendant. Plaintiff moved for a directed verdict on the issue of liability, and afterwards for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. Each of those motions was denied, and plaintiff has appealed from the judgment. The sole question here is whether there is evidence to support the implied finding of the jury that defendant was not negligent, or that plaintiff was guilty of contributory negligence.

The evidence was in conflict, and under the familiar rule we must accept the evidence most favorable to the judgment on the points of conflict. So viewed, the evidence is as follows:

The accident occurred at 9 a. m. on a Wednesday morning in February during a heavy rain. Defendant was southbound on Main Street in the second lane from the center line, driving between 10 and 15 miles per hour, with her headlights on and her windshield wipers operating. There was a solid line of traffic moving at about the same speed in the lane to defendant's left. She was "paying attention to everything." Visibility was impaired and the street was slippery. Plaintiff, wearing a dark raincoat, suddenly appeared in the crosswalk in front of defendant from the east (i.e., from defendant's left). He was bent down and running fast. The vehicles in the lane to the left had not stopped for the pedestrian. Plaintiff appeared to slip in front of defendant's car, and the right front fender struck him. Defendant stopped her car with the front wheels just beyond the north line of the crosswalk. A police officer who observed the plaintiff from the time when plaintiff was east of the center line of the street testified that plaintiff was running and did not appear to be looking to either side.

Plaintiff contends that this case is controlled by *Novak* v. *Dewar*, 55 Cal.2d 749 [13 Cal.Rptr. 101, 361 P.2d 709], and *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834]. In both of those cases the pedestrian was crossing with the green light at a signal-controlled intersection and was struck by a vehicle which made a left turn into the crosswalk. The pedestrian observed the vehicle and assumed it would yield. The Supreme Court reversed judgments for defendants in those cases because it found no evidence to support any finding that the pedestrian was guilty of contributory negligence. The court declared that the pedestrian under those circumstances was entitled to proceed on the assumption that the driver would observe her and yield the right of way as the law required.

Neither the *Novak* nor the *Gray* case goes so far as to hold that a pedestrian in a marked crosswalk can never be guilty of contributory negligence. *Shoemake* v. *Wilsey*, 43 Cal.2d 686 [277 P.2d 17], affirmed a judgment denying any recovery by a pedestrian in a crosswalk who ran in front of defendant's vehicle. In that case the Supreme Court distinguished *Gray* v. *Brinkerhoff* in the following language:

"There all of the evidence, devoid of conflict either direct or inferential, was to the effect that the pedestrian entered the marked crosswalk at a time and under circumstances when the defendant's automobile presented no apparent hazard, and that she was crossing with the traffic lights and in a careful manner, whereas here, as stated, there was evidence that plaintiff ran in front of the automobile which was an immediate and perceivable hazard."

*Callahan* v. *Gray*, 44 Cal.2d 107 [279 P.2d 963], affirmed a judgment adverse to a pedestrian who, the evidence showed, failed to look where he was going in a crosswalk and negligently walked into the side of defendant's car. Other recent crosswalk cases where an appellate court has affirmed a judgment denying any recovery by the pedestrian who failed to make any reasonable attempt to look out for oncoming traffic are *Flores* v. *McCoy*, 186 Cal.App.2d 502 [9 Cal.Rptr. 349]; *Smith* v. *Sugich Co.*, 179 Cal.App.2d 299 [3 Cal.Rptr. 718]; *Figlia* v. *Wisner*, 150 Cal.App.2d 109 [309 P.2d 832]; *Christensen* v. *Bergmann*, 148 Cal.App.2d 176 [306 P.2d 561].

A man running headlong into traffic on a busy street in a heavy rainstorm is not entitled to assume that all oncoming drivers, exercising due care, will see him in time to yield the right of way. Where side vision is limited not only by the

rain but also by a line of moving vehicles, it is quite possible for a fast-moving pedestrian to dart into the path of a vehicle so as to give a careful driver no opportunity to avoid a collision. We need not consider whether defendant here used due care. ■ There is evidence here from which the jury could reasonably conclude that plaintiff failed to act with due regard for his own safety, and that his negligence contributed to the accident.

■ In denying plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, the trial judge filed a brief memorandum in which he stated: "This case is factually similar in all details with *Novak* vs. *Dewar* (Cal.App.), 9 Cal.Rptr. 656, and in the opinion of the Court is therefore controlling." The *Novak* decision there cited was the decision of the District Court of Appeal affirming the judgment for defendant, which judgment was later reversed by the Supreme Court with the opinion reported at 55 Cal.2d 749 [13 Cal.Rptr. 101, 361 P.2d 709]. Plaintiff argues that because the trial judge based his decision on an erroneous opinion, the decision necessarily should be reversed. Plaintiff cites *Steele* v. *Superior Court*, 56 Cal.2d 402, 405 [15 Cal.Rptr. 116, 364 P.2d 292], as authority for considering the trial judge's memorandum in explanation of his decision.

In the *Steele* case a motion for inspection of documents was involved, which motion called for the exercise of discretion by the trial judge. The judge denied the motion and indicated by his memorandum that he believed he had no discretion, relying upon a decision which the Supreme Court later overruled. In the *Steele* case, therefore, the Supreme Court was able to determine from the memorandum that the superior court had not based its denial upon the exercise of discretion, but upon an erroneous view of the law.

The present situation is not analogous. In passing upon plaintiff's motion for judgment notwithstanding the verdict the trial court had no discretion. The motion simply required the court to rule on a question of law. Since the trial judge applied the law correctly, what he cited as authority is of no consequence. It is only fair to note that the trial judge's comment was a perfectly logical one: If the appellate court opinion in the *Novak* case were correct, then the present case followed *a fortiori*.

We are not unmindful that the trial court could have granted the plaintiff's motion for a new trial if he had believed that the verdict was not supported by the weight of the evi-

dence. In denying this motion he was not misled by the District Court of Appeal opinion in *Novak*, for that case has no relevance to the question of the weight of the evidence.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 17, 1962.