[Civ. No. 20318.   First Dist., Div. One.   June 11, 1963.]

ANNA COHEN, Plaintiff and Appellant, v. BAY AREA PIE COMPANY, INC., et al., Defendants and Respondents.

Martin J. Jarvis and Marvin E. Stender for Plaintiff and Appellant.

William J. Connolly for Defendants and Respondents.

BRAY, P. J.—Plaintiff appeals from judgment, after jury verdict, in favor of defendants.

### QUESTIONS PRESENTED

1. Justification for instruction on waiver of right of way.
2. Sufficiency of evidence.

### EVIDENCE

About 10:30 a.m. of a clear, sunny day, plaintiff, 74 years of age, arrived at the northwest corner of Van Ness Avenue and Sutter Street, San Francisco, intending to cross Van Ness Avenue. The intersection is controlled by stop and go traffic

signals for pedestrians and vehicles. Van Ness Avenue is 84 feet wide at that point and contains 7 traffic lanes, 4 for southbound traffic and 3 for northbound traffic. A traffic engineer for the City of San Francisco testified that at the time in question the signal for eastbound vehicular traffic and pedestrian traffic on Sutter Street was green for 18 seconds and yellow for 4 seconds.

A concrete traffic divider and pedestrian island divided the southbound traffic lanes on Van Ness from the northbound lanes. There was a painted crosswalk for pedestrian traffic across Van Ness. The concrete island abutted into the crosswalk from the north for approximately 1 foot.

Plaintiff's version of the accident is as follows: When the traffic signal turned green she looked to her left and right and seeing no traffic stepped off the curb into the crosswalk and proceeded to cross Van Ness. She proceeded directly across the street entirely in the crosswalk and was struck by defendant company's truck coming from her right rear, just as she had passed beyond the concrete island. She testified that she did not see the truck at any time prior to impact and that at no time had she stepped upon the pedestrian island.

The driver of the truck, defendant Dvorak, testified that he was going east on Sutter Street and stopped his vehicle at the westerly intersection of Van Ness Avenue for the red light. When the light changed to green, he proceeded into the intersection, at which time there was traffic going opposite to him, across Van Ness, west on Sutter. He again stopped his vehicle to allow the westbound traffic to pass since he intended to make a left turn. He intended to turn into the inside northbound traffic lane, closest to the pedestrian island. When he started to make the turn, for the first time he saw plaintiff on the island with her back to him, looking north, away from his vehicle. As he entered the crosswalk he stopped the truck because plaintiff then ''seemed confused. She didn't seem to know where she was going at the time.'' Plaintiff then stepped off the island into the left front tire of the truck. Dvorak said the impact occurred about 2 feet from the island, some 3 feet north of the crosswalk. ■ (A police officer testified that he was told by defendant driver that the point of impact was within the marked crosswalk.) Plaintiff fell to the street, got up, and walked around the front of the truck to the sidewalk on the east side of Van Ness. She suffered injuries to her left arm, left hip, and left great toe,

It is agreed that the green light remained on during the circumstances here related. It signalled "Go" for both plaintiff and Dvorak.

Defendants are the truck driver and his corporate employers. Defendants, in addition to denying negligence, pleaded plaintiff's contributory negligence.

1. *Instruction on Waiver of Right of Way.*

Following instructions as to a pedestrian's right of way, the court gave an instruction on waiver of right of way by a pedestrian. Plaintiff does not criticize the form of the instruction (actually it was more favorable to plaintiff than it should have been (see *Hopkins* v. *Tye* (1959) 174 Cal.App. 2d 431, 433 [344 P.2d 640])), but contends that there was no evidence which justified the giving of any instruction on the subject. ■ A party is entitled to instructions on his theory of the case, if there is any evidence to support that theory.

■ "[I]f one who has the right of way 'conducts himself in such a definite manner as to create a reasonable belief in the mind of another person that the right-of-way has been waived, then such other person is entitled to assume that the right-of-way has been given up to him. . . .' " (*Hopkins* v. *Tye, supra,* p. 433.)

■ There was evidence to support defendants' theory that plaintiff's conduct was such that the driver could reasonably assume that plaintiff did not intend to continue beyond the island, at least for the moment. The driver testified in effect that he made two observations of plaintiff as he approached the crosswalk to make the turn. The first observation disclosed plaintiff standing on the island with her back to him and to the direction in which she later proceeded. This caused him to conclude that she was not continuing her crossing. He continued to the crosswalk keeping her in view. As he reached the crosswalk he observed that she appeared to be confused. He then stopped his truck just as plaintiff stepped off the island and into the left front tire.

The action of plaintiff could be interpreted reasonably as an indication either that plaintiff was going back in the direction from which she came or that she did not intend to cross the other half of Van Ness Avenue in the few seconds left in which the green light would remain on.

■ A conscious intentional act of waiver of the right-of-way by the pedestrian is not required. (*Hopkins* v. *Tye,*

*supra,* p. 433.) Whether there is a waiver depends upon the acts of the pedestrian. If they are such that a driver could reasonably believe that the pedestrian did not intend to assert her right of way, a waiver occurs. ▇ Such, under the driver's testimony, was the situation here. ▇ Whether the driver's testimony was true and the resolving of any conflict between his testimony and that of the police officer as to a statement which the driver denied making, was a matter for the jury to determine.

The instruction was properly given.

2. *Sufficiency of Evidence.*

▇ Citing *Gray* v. *Brinkerhoff* (1953) 41 Cal.2d 180 [258 P.2d 834], and *Haynes* v. *Hunt* (1962) 208 Cal.App.2d 331 [25 Cal.Rptr. 174], to the effect that when a pedestrian is in a crosswalk he has a right to assume that a driver will obey the law and yield the right of way, plaintiff contends that defendants' version of the facts shows, as a matter of law, negligence on the part of the driver and freedom from contributory negligence on the part of plaintiff. This contention, however, completely disregards the testimony of the driver hereinbefore set forth. In addition to the question of waiver, the driver's version that he did not violate plaintiff's right of way, that he was operating his truck with reasonable care, that the impact took place outside of the crosswalk, makes the doctrine of *Gray* and *Haynes, supra,* inapplicable. ▇ The jury could have concluded that plaintiff was contributorily negligent in stepping without looking from the safety of the island, and that defendant driver was not negligent. (See *Rostant* v. *Borden* (1961) 192 Cal.App.2d 594, 599 [13 Cal.Rptr. 553]; *Butler* v. *Malis* (1962) 207 Cal.App. 2d 38 [24 Cal.Rptr. 407]; *Flores* v. *McCoy* (1960) 186 Cal. App.2d 502, 506-507 [9 Cal.Rptr. 349].) The evidence was sufficient to justify the verdict.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.